IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MICHAEL JEROME LITTLE,
    Plaintiff,

vs.                                            Case No. 3:10cv117/MCR/EMT

R. TIFFT, WARDEN, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner proceeding pro se, initiated this action by filing a letter directed to the Honorable Judge Brown in the United States District Court for the Southern District of Florida, requesting that he be released from close management custody (Doc. 1). Plaintiff subsequently filed a motion seeking an order directing the Secretary of the Department of Corrections (DOC) to release him from close management and compensate him for the allegedly unlawful confinement (Doc. 3). The Southern District characterized the case as a habeas corpus action under 28 U.S.C. § 2241 and transferred it to the Northern District, since Plaintiff was incarcerated in this district (Docs. 13, 15).

Upon review of Plaintiff's filings, the undersigned determined that this case was properly characterized as a civil rights action under 42 U.S.C. § 1983, since Plaintiff claimed that several employees of the DOC violated his due process rights by maintaining him on close management, and he sought injunctive relief and monetary damages for the allegedly unconstitutional conduct (*see* Doc. 17). The court directed Plaintiff to file his complaint on the court-approved form for use in § 1983 actions, which Plaintiff has now done (Doc. 18). The court also granted Plaintiff leave to proceed in forma pauperis (Doc. 21).[1] In the amended complaint, Plaintiff names five (5) Defendants (*see id.* at 1, 8).[2] He alleges Defendants have never permitted him to be present during

---

[1] After Plaintiff initiated this action in the Southern District, he filed a habeas petition in the Southern District seeking expungement of approximately forty-five (45) disciplinary reports from this inmate record and restoration of 4,000 days of gain time. Little v. McNeil, Case No. 09-23633, Petition (S.D. Fla. Dec. 4, 2009). The Southern District transferred the habeas action to the Northern District. Little v. McNeil, Case No. 3:10cv213RV/EMT, Notice of Transfer (June 16, 2010).

[2] The page references used in this Report reflect the page numbers as enumerated in the court's electronic docketing system rather than those Plaintiff may have assigned.

reviews of his close management custody status (*id.* at 6–7). He additionally alleges he has been "gassed" on numerous occasions, cut and stabbed, and his food was taken (*id.* at 7). He also states his gain time has been taken (*id.*). Plaintiff states Defendants' conduct has caused him "psychological depression, mental stress, pyhsical [sic] deteration [sic], aytphical [sic] hardship" (*id.*). He claims that his continued placement on close management custody status constitutes cruel and unusual punishment and violates his rights to due process and equal protection (*id.* at 6–9). As relief, he seeks release from close management, restoration of gain time, and damages in the amount of $400,000.00 from each Defendant (*id.* at 9). He also requests that the court serve the complaint upon Defendants and have them arrested (*id.* at 8).

Because Plaintiff is proceeding in forma pauperis, the court must review the complaint and dismiss it if satisfied that the action (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Upon review of the complaint, it appears that this case should be dismissed as malicious.

Section IV of the complaint form requires Plaintiff to disclose information regarding prior civil cases he filed in state and federal court (*see* Doc. 1 at 5–6). Question C of Section IV asks, "Have you initiated other actions (besides those listed above in Questions (A) and (B)) in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?" (*id.* at 6).[3] Where there is a parenthetical area to mark either a "Yes" or "No" answer to this question, Plaintiff marked "Yes," and then disclosed Little v. Ellis, Case No. 3:07cv464/MCR/MD (N.D. Fla. Jan. 4, 2008), a civil rights case filed in the Northern District which was dismissed as malicious, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), for Plaintiff's abuse of the judicial process in failing to disclose two federal cases he previously filed (*see* Doc. 18 at 4). Plaintiff also disclosed Little v. McNeil, Case No. 09-23633 (S.D. Fla. Dec. 4, 2009), the habeas action referenced in note 1, *supra*, which the Southern District transferred to the Northern District (*see* Doc. 18 at 5). After disclosing this case, Plaintiff wrote, "I can't quite remember any others" (*id.*). Thus, Plaintiff in effect stated that, according to his memory, he has never initiated any actions in either state or federal court that related to the fact or manner of his incarceration or the conditions of his confinement except the afore-described cases.

---

[3] In answer to Question A of the complaint form, Plaintiff listed a case he filed in the Circuit Court in and for Leon County, Florida, Case No. PC-95-04817 (Doc. 18 at 3). In answer to Question B, Plaintiff listed the case number assigned to the instant case by the Southern District when it was originally filed in that court, Case No. 09cv22930 (*id.*).

Case No.: 3:10cv117/MCR/EMT

Question D of Section IV of the complaint form asks, "Have you ever had any action in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service?  If so, identify each and every case so dismissed." (Doc. 18 at 4).  Where there is a parenthetical area to mark either a "Yes" or "No" answer to this question, Plaintiff marked "No," and wrote "Not yet" (*id.*).  Thus, Plaintiff in effect stated that he has never had any action in federal court dismissed as frivolous, malicious, failing to state a claim, or prior to service.

At the end of the civil rights complaint form, Plaintiff signed his name after the following statement on the form: "**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT**" (Doc. 18 at 9).

As routinely recognized by this court, the information from Section IV of the form is useful to the court in many ways:

> . . . it allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the Prison Litigation Reform Act; it allows consideration of whether the action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; it allows consideration of whether any ruling in the other action affects the prisoner's current case.  All of these things are appropriately considered in connection with the preliminary review of such a complaint under the Prison Litigation Reform Act.

Spires v. Taylor, Order of Dismissal, Case No. 3:00cv249-RH (N.D. Fla. Oct. 27, 2000).  Further, since prisoner plaintiffs generally proceed pro se, the information helps the court determine their litigation experience and familiarity with the legal terrain of the current action.  The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the dispositions of those cases, can be considerable.[4]

Upon review of the docket, the clerk of court has advised, and this court takes judicial notice, that as of the date Plaintiff filed his complaint, he had previously filed at least one other civil rights action in federal court that was dismissed as frivolous or for failure to state a claim.  On January 13, 2003, Plaintiff, while incarcerated, initiated Little v. Carter, Case No. 3:03-cv-25-J-32HTS, a civil rights action, in the United States District Court for the Middle District of Florida.  The case was dismissed as frivolous on March 24, 2003.  Little v. Carter, Case No. 3:03-cv-25-J-32HTS (M.D.

---

[4] "[T]he task of counting strikes involves more than sophomoric arithmetic.  Courts must search records of the prisoner's prior federal cases to determine whether judicial officers 'on 3 or more prior occasions' entered orders of dismissals and, if so, whether the reason for the dismissals were frivolousness, mailciousness or failure to state a claim upon which relief may be granted." Rivera v. Allin, 144 F.3d 719, 726 (11th Cir. 1998) (citing 28 U.S.C.A. § 1915(g)), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007).

Fla. Mar. 24, 2003). This case may be positively identified as having been filed by Plaintiff because it bears his inmate number, DC#047123. Plaintiff did not disclose this case in the instant complaint.

The court has authority to control and manage matters such as this pending before it, and Plaintiff's pro se status does not excuse him from conforming to acceptable standards in approaching the court. If the court cannot rely on the statements or responses made by the parties, the quality of justice is threatened. The court will not tolerate false responses or statements in any pleading or motion filed before it. Here, Plaintiff falsely responded to questions on the complaint form, as detailed above. Plaintiff knew, or from reading the complaint form should have known, that disclosure of his prior actions was required and that dismissal of the action may result from his untruthful answers.[5] If Plaintiff suffered no penalty for his incomplete and thus untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants. Therefore, this court should not allow Plaintiff's false responses to go unpunished.

The court recommends that an appropriate sanction for Plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this cause without prejudice.[6] *See*, *e.g.*, Hanson v. McCaul, No. 4:09cv126-SPM/WCS, 2009 WL 3010481, at \*\*1–2 (N.D. Fla. Sept. 16, 2009) (dismissing case without prejudice for prisoner plaintiff's failure to disclose two federal cases (both of which were previously dismissed for failure to comply with court orders) on complaint form which required prisoner litigants to list all other cases that plaintiff had previously initiated in state and federal court); Thomas v. Ammons, No. CV409-139, 2009 WL 5174109, at \*\*1–3 (S.D. Ga. Dec. 23, 2009) (dismissing case without prejudice for prisoner plaintiff's failure to disclose four federal cases (two of which were previously dismissed for failure to comply with court orders and the other two were previously voluntarily dismissed by plaintiff) on complaint form which demanded litigation information regarding "any lawsuits brought in federal court . . ."). Plaintiff should also be warned that such false responses, filed herein or filed in the

---

[5] Indeed, section IV of the complaint form includes the following notice: "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL." (*see* Doc. 18 at 3) (emphasis and capitalization in original).

[6] While dismissal with prejudice may be too severe a sanction for abuse of process in this case, *see, e.g.*, Williams v. Brown, 347 Fed. Appx. 429, 434, 2009 WL 2883496, at \*\*3 (11th Cir. 2009), dismissal without prejudice is a lesser sanction not too severe under these circumstances, since Plaintiff is free to re-file if he so chooses. *See* Spires, No. 3:00cv249-RH, Order of Dismissal (N.D. Fla. Oct. 27, 2000).

Case No.: 3:10cv117/MCR/EMT

future, will not be ignored and may result in more severe and long-term sanctions. *See* <u>Warren v. Guelker</u>, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam) (pro se, in forma pauperis prisoner's misrepresentation about previous lawsuits may violate Rule 11).

Accordingly, it is respectfully **RECOMMENDED**:

That this action be **DISMISSED WITHOUT PREJUDICE** as malicious, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), for Plaintiff's abuse of the judicial process.

At Pensacola, Florida, this 1st day of July 2010.

                         /s/ *Elizabeth M. Timothy*
                         **ELIZABETH M. TIMOTHY**
                         **UNITED STATES MAGISTRATE JUDGE**

### **NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.** <u>**Any different deadline that may appear on the electronic docket is for the court's internal use only.**</u>  **A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636;** <u>**United States v. Roberts**</u>**, 858 F.2d 698, 701 (11th Cir. 1988).**